# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CARL JOSEPH JOHNSON, JR.,

        Plaintiff,

v.                                                   Case No. 06-C-165

SHARON KOLB,

        Defendant.

## ORDER

Plaintiff Carl Joseph Johnson, Jr., who is currently incarcerated at the Stanley Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff is proceeding on a retaliation claim against defendant Sharon Kolb based on allegations that Kolb obstructed his mail in retaliation for the plaintiff writing a complaint about Kolb to Wisconsin Department of Corrections (DOC) Secretary Matthew Frank. Both the plaintiff and the defendant have filed motions for summary judgment. These motions will be addressed herein.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *McNeal v. Macht*, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those facts that, under the applicable substantive law, "might

affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material facts" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The burden of showing the needlessness of trial – (1) the absence of a genuine issue of material fact; and (2) an entitlement to judgment as a matter of law – is upon the movant. However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Id.* at 267; *see also Celotex Corp.*, 477 U.S. at 324 ("proper" summary judgment motion may be "opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves . . ."); Fed. R. Civ. P. 56(e) ("When a summary judgment motion is made and supported as provided in [Rule 56(c),] an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavit or otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial"). "Rule 56(c) mandates the entry of summary judgment, . . . upon motion, against a party who fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

The fact that both parties have moved for summary judgment, and thus both parties simultaneously are arguing that there is no genuine issue of fact, does not establish that a trial is unnecessary or empower me to enter judgment as I see fit. *See* 10A Charles Alan Wright et al. § 2720 at 327-28 (3d ed. 1998). The court may

grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law on the basis of the material facts not in dispute. *See Mitchell v. McCarty*, 239 F.2d 721, 723 (7th Cir. 1957). Cross motions for summary judgment do not convert a dispute into a question of law if material factual questions are involved and additional evidence may be adduced at trial which would be helpful in the disposition of the case. *See M. Snower & Co. v. United States*, 140 F.2d 367 (7th Cir. 1944). Each party, as a movant for summary judgment, bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law. The fact that one party fails to satisfy that burden on its own motion does not automatically indicate that the opposing party has satisfied its burden and must be granted summary judgment on the other motion. *See* 10A Charles Alan Wright et al. § 2720 at 335.

**FACTS**

**1.    Defendant's Proposed Findings of Fact**[1]

The plaintiff was confined at the Kettle Moraine Correctional Institution (KMCI), located in Plymouth, Wisconsin, from January 10, 2005, until October 18, 2006. (Complaint at ¶ I; Answer at ¶ I; Second Affidavit of Hayley S. Pucker (Second Pucker Aff.) at ¶ 4.)   The plaintiff was transferred to the Stanley Correctional Institution on October 18, 2006.  (Second Pucker Aff. at ¶ 4).

The plaintiff filed this 42 U.S.C. § 1983 action, alleging that several KMCI employees obstructed his mail or failed to prevent said obstruction of mail in

---

[1] This sub-section is taken from the defendant's April 10, 2007, Proposed Findings of Fact.

retaliation for the plaintiff complaining about prison conditions and in violation of the plaintiff's right to due process and right to court access. (Complaint at ¶¶ I-IV). After screening the complaint, this Court allowed the plaintiff to proceed on his claim that defendant Sharon Kolb, a third-shift Sergeant at KMCI, "obstructed [Johnson's] mail for seven to fourteen days in retaliation for [Johnson] writing a complaint about Kolb to DOC Secretary Matthew Frank for violating institutional rules by refusing to give [Johnson] additional toilet paper." (Court's Order of April 26, 2006, at 3; Complaint at ¶¶ II.E, IV).

With regard to defendant Kolb, the plaintiff alleged as follows:

> It is the Duty of the 3rd shift Guard to remove "ALL" mail that was placed in the unit authorized depository for mail, sort each piece and place them in bundles as to their location out of institution, Institution mail, letters with Disbursements which need to be sent to the Business office so that a check can be sent in the envelope…The dates that I mailed out my mail SGT. Kolb was working and the only person with a key to unlock the mail depository. She was doing acts of retaliation because cause I wrote a complaint on her for Violation of Rules of giving out Toilet Paper to the head of D.O.C. Matthew Frank.

(Complaint at ¶ IV, p. 5A). In the body of his complaint, the plaintiff did not provide any dates for the alleged retaliatory action (the mail obstruction) or for the alleged constitutionally protected activity, the exercise of which caused the retaliatory action (the letter to Secretary Frank complaining about the toilet paper incident); however, Johnson attached exhibits to his complaint in which he alleges these relevant dates.

(Affidavit of Karla Z. Keckhaver (Keckhaver Aff.) ¶ 3, Ex. 1004 at pp. 000001-000045).[2]

The plaintiff's letter to Secretary Frank (the constitutionally protected activity) is dated October 27, 2005, and in that letter the plaintiff claims that the defendant denied him toilet paper on October 26, 2005. (Keckhaver Aff. ¶ 3, Ex. 1004 at pp. 000002-000005; Affidavit of Sharron Kolb ("Kolb Aff.") at ¶¶ 6-7). In a subsequent offender complaint, KMCI-2005-33567, the plaintiff alleged that the defendant denied him toilet paper on October 27, 2005. (Keckhaver Aff. ¶ 4, Ex. 1005 at exhibit 1002 pp. 000001 and 000003).[3]

The alleged mail obstruction occurred in November 2005. (Keckhaver Aff. ¶ 3, Ex. 1004 at pp. 000008-000016). In Offender Complaint KMCI-2005-36466, the plaintiff listed November 11-14, 15, 17, and 25, 2005, as the dates of the alleged mail obstruction. Some of these dates are also referenced in the Inmate Complaint Examiner report for KMCI-2005-36466. (Keckhaver Aff. ¶ 3, Ex. 1004 at pp. 000009-000010; Second Pucker Aff. at ¶ 5; Keckhaver Aff. ¶ 4, Ex. 1005 at exhibit 1003, pp. 000001 and 000003-000004). In the plaintiff's affidavit that he submitted in support of his March 15, 2007, motion for summary judgment, the plaintiff lists November 11-14, 15, and 17, 2005, as the dates of the alleged mail obstruction. (Carl J. Johnson Affidavit dated 03/12/2007).

---

[2] Defendant's Exhibit 1004 is a true and correct copy of the plaintiff's complaint in this action with renumbered exhibits starting with the page which reads, "Inmate Complaint." (Keckhaver Aff. ¶ 3.)

[3] Defendant's Exhibit 1005 is a true and correct copy of the Affidavit of Hayley S. Pucker dated June 23, 2006 with attached exhibits 1001, 1002, and 1003, which was previously submitted in support of the defendant's motion to dismiss. (Keckhaver Aff. ¶ 4.)

The KMCI is a medium security institution. (Kolb Aff. at ¶ 3; Complaint at ¶ I; Answer at ¶ I). Defendant Kolb is currently employed as a Correctional Sergeant at the Fox Lake Correctional Institution ("FLCI"), a medium security institution located in Fox Lake, Wisconsin. (Kolb Aff. at ¶ 2). The defendant was previously employed as a Correctional Sergeant at the KMCI. (Kolb Aff. at ¶ 3; Complaint at ¶ II. E.; Answer at ¶ II. E.). In the defendant's capacity as a Correctional Sergeant ("Sergeant"), she is responsible for the security and control of inmates to ensure inmate, staff and community protection, the proper treatment of inmates, inspection of the institution and inmates for proper security, health and safety precautions, reporting to supervisors and disciplinary committees regarding inmates and incidents, maintenance of the institution's record keeping system, establishment of proper public relations with visitors to the institution and the direction of correctional officers as a lead worker. (Kolb Aff. at ¶ 4). Defendant Kolb has been employed by the State of Wisconsin since December 3, 2000. (Kolb Aff. at ¶ 5).

The plaintiff alleges that defendant Kolb refused to give him toilet paper on October 26 or 27, 2005. (Kolb Aff. at ¶ 6). Defendant Kolb was unable to locate any toilet paper at the time of his request. (Kolb Aff. at ¶ 6). She offered the plaintiff napkins in case he was in desperate need, and told him she would look around for some toilet paper for him (Kolb Aff. at ¶ 6).

The plaintiff submitted a letter, dated October 27, 2007, to the DOC Secretary, Matthew Frank, regarding the defendant's alleged refusal to provide him with toilet paper. (Kolb Aff. at ¶ 7; Keckhaver Aff. ¶ 3, Ex. 1004 at pp. 000002-000005). The

toilet paper issue was investigated by Captain Brett Buteyn as the result of a Division of Adult Institution ("DAI") Investigation. (Kolb Aff. ¶ 8). It is defendant Kolb's understanding that the results of the investigation did not produce any sufficient evidence to substantiate the plaintiff's claims that the defendant was verbally abusive to him or denied his request for toilet paper. (*Id.*) Additionally, it is defendant Kolb's understanding that no further action was taken by KMCI Warden Larry Jenkins or by the DAI on the plaintiff's complaint regarding the denial of toilet paper. (Kolb Aff. at ¶ 9).

The plaintiff alleges that his mail was tampered with on November 11, 12, 13, 14, 15, 17 and 25, 2005. (Kolb Aff. at ¶ 10; Keckhaver Aff. ¶ 4, Ex. 1005 at exhibit 1003, pp. 000001 and 000003-000004; Keckhaver Aff. ¶ 3, Ex. 1004 at pp. 000008-000017). The plaintiff submitted an Offender Complaint, date signed November 26, 2005, complaining about his account and disbursement requests on November 11, 12, 13, 14, 15, 17 and 25, 2005. (Second Pucker Aff. at ¶ 5; Keckhaver Aff. ¶ 4, Ex. 1005 at exhibit 1003, pp. 000001 and 000003-000004).

The Daily Schedules for November 11, 12, 13, 14, 15, 17 and 25, 2005, are confidential for security reasons and releasing physical hard copies of this information would breach the security of the KMCI. (Second Pucker Aff. at ¶ 6). Inmates would be able to put together a timeline of when staff members worked and/or the times when staff escorted inmates to medical and court trips to locations outside of the institution. (Second Pucker Aff. at ¶ 6). Additionally, shift schedules may contain sensitive medical information, such as dates for doctor's appointments

and the reasons for the doctor's appointments, or other leave time, for inmates and staff. (Second Pucker Aff. at ¶ 6). While the plaintiff is allowed to review the Daily Schedules, he is not allowed to possess actual physical hard copies of these documents. (Second Pucker Aff. at ¶ 7; Exhibit 1006).

Defendant Kolb was assigned to work on Unit 5 at the KMCI on November 11, 12, 13, 14, 15, 17 and 25, 2005. (Kolb Aff. at ¶ 11; Exhibit 1006, pp. 000003, 000006, 000009, 000012, 000015, 000018 and 000021). However, defendant Kolb did not work on November 11, 12, 13, 14 and 15, 2005, because she was out of the institution on funeral leave in England. (Kolb Aff. at ¶ 12; Exhibit 1006, pp. 000003, 000006, 000009, 000012, 000015 and 000022). Although the defendant was supposed to work prescheduled overtime on Unit 5 at the KMCI on November 17 and 25, 2005, Officer Hoppe worked for her on November 17, 2005, and Officer J. Hall worked for her on November 25, 2005. (Kolb Aff. at ¶ 13; Exhibit 1006, pp. 000018 and 000021). Defendant Kolb was not suspended from work at the KMCI, nor was she transferred to work at a different correctional institution as a result of the plaintiff's allegations that she obstructed his mail on November 11, 12, 13, 14, 15, 17 and 25, 2005, in retaliation for the plaintiff writing a complaint about her to DOC Secretary Matthew Frank for violating institutional rules by refusing to give the plaintiff additional toilet paper. (Kolb Aff. at ¶ 14). Kolb avers that she has no animosity towards Johnson and that she did not retaliate against him. (Kolb Aff. at ¶ 15).

**2. Plaintiff's Facts**[4]

In his motion for summary judgment filed on March 15, 2007, the plaintiff filed an affidavit in which he avers:

> I Carl Joseph Johnson, Jr., being of sound mind and body state that I am the plaintiff in this action and that on October 25, 2005, to September 18, 2006, I was housed at the Kettle Moraine Correctional Institution. That I came to know the Defendant in this matter Sgt. Sharon Kolb as the 3rd shift Sgt. working unit (5) that I was living on, and had the responsibility to remove the mail from the unit mail box. The dates that are in question 11-14, 15, and 17th, I saw the defendant Kolb working our unit as the 3rd shift Sgt. When I placed my mail in the mail box addressed to my sister Carmen Johnson and the Courts.

(Pl.'s Aff. Filed March 15, 2007.)

In response to the defendant's motion for summary judgment, the plaintiff filed an affidavit and proposed findings of fact. In his affidavit, the plaintiff avers: "I did on more than one occasion hand deliver my mail that was being sent out to the court to the defendant Kolb who in retaliation obstructed my mail 11-21-05, and Incident Report 942197 dated 2/6/07." (Pl.'s Aff. Filed April 30, 2007.)

Incident Report 942197 indicates a "date of incident" of February 6, 2006, and the staff member completing report is "Kolb S." (Pl.'s Second Supporting Br. for Summ. J., Ex. A.) The Description of Incident states:

---

[4]The plaintiff filed Proposed Findings of Fact in support of his Second Supporting Brief for Summary Judgment. However, many of his proposed facts are not material. In addition, they are not properly supported by specific citations to evidentiary materials in the record. *See* Civil L.R. 56.2(a) (E.D. Wis.). Thus, the court will not reproduce the plaintiff's proposed facts in this section. However, the plaintiff's proposed facts reference several exhibits that the court will include in this section. The plaintiff has also filed two affidavits which will be included in this section.

> On the above date and time while processing the inmate mail, I Sgt. Kolb noticed my full name, first and last, on an inmate request form. After further review it was found that the request form was together with a money disbursement, and a letter requesting a restraining order against me, by inmate Carl Johnson #187587. All three forms were stapled to the outside of an envelope. Johnson went on to say that, I was, "back on the unit." I had taken vacation in January 06, and on my return to work on Friday, 02/03/06, several inmates approached me and stated, "we are glad you'r[e] back, Johnson told us you were gone, because you had been tampering with his mail." This reminded me that Sgt. Helein had mentioned an incident where Johnson had asked him if I was working on one particular occasion in December 05. He wanted to know because he had letters to mail and if I was working he would wait on mailing them because he believed I was, "messing with his mail." It should be noted Johnson was on mail monitoring at this time per Lt. Olsen. Capt. Buteyn was notified of the incident.

(Pl.'s Proposed Findings of Fact (PFOF) ¶ 3; Pl.'s Second Supporting Br. for Summ. J., Exs. A, A-1.) There is a section on Incident Report 942197 that indicates the action taken as result of incident. That section states:

> Sgt. Kolb stated she does not have any contact with this inmate. He stays in his room and comes out to use the restroom. I spoke to Lt. Olson who agreed to move him out of Unit 5 due to paperwork being sent to court and possible conflict with staff. I will continue follow up into possible lying about staff.

(*Id.*)

The plaintiff also references Exhibits B-1 and C. Exhibit C is a Disbursement Request form signed by Sgt. Hucks and the plaintiff on November 21, 2005. Exhibit B-1 is an Interview/Information Request Form dated November 21, 2005, in which the plaintiff stated:

- 10 -
Case 2:06-cv-00165-JPS  Filed 01/22/08  Page 10 of 15  Document 85

> Again I'm putting in a Disbursement signed by Sgt. Huck for $6.25 to the clerk of court for copies of my transcripts on today 11-21-05.
>
> The disbursement should get to you today . . . cancel any other disbursements to clerk of court dated before the 21st.

(PFOF ¶ 4; Pl.'s Second Supporting Br. for Summ. J., Ex. B-1.) The Disposition of Request portion of the form, dated November 23, 2005, states:

> As of this morning we did not have a disbursement request to issue a check from your account for $6.25. The disbursement request did not reach the Business Office.
>
> When you submit your requests, be sure to paper-clip the disbursement to the outside of the envelope so the Mailroom can see it needs to be routed to the Business office for a check to be issued.

(*Id.*)

## ANALYSIS

The defendant contends that the plaintiff cannot establish that defendant Kolb obstructed his mail on November 11, 12, 13, 14, 15, 17, and 25, 2005, in retaliation for the plaintiff writing a complaint about Kolb when Kolb was not working on the dates in question. The defendant argues that the plaintiff's burden on summary judgment is high in retaliation cases and the plaintiff cannot meet his burden of establishing retaliation for the exercise of a constitutionally protected right.

In his motion for summary judgment, the plaintiff contends, as is relevant to his retaliation claim, that it is undisputed that on October 25, 2005, defendant Kolb refused him toilet paper in violation of DOC work rules; on October 27, 2005, the plaintiff wrote to DOC Secretary Matthew Frank; the plaintiff filed KMCI-2005-33567

- 11 -
Case 2:06-cv-00165-JPS    Filed 01/22/08    Page 11 of 15    Document 85

which was dismissed on November 15, 2005; on November 25, 2005, the plaintiff filed KMCI-2005-36466 complaining of mail tampering, which was ultimately dismissed. (Pl.'s Mot. at 3-4.) The plaintiff further states that he has shown documented evidence that his mail has been tampered with, willingly, knowingly, and with improper motives. He also asserts that he has established the fact that he has mailed several letters within the KMCI to the Milwaukee County Circuit Clerk of Courts. (*Id.* at 6.) In his supporting brief, the plaintiff states that Incident Report 942197 "clearly shows that [defendant Kolb] is retarding the passage of my mail and sending it to the security office this mail was clearly addressed to the courts, and her actions are in violation of the First Amendment." (Pl.'s Supporting Br. at 7.) He further asserts that all of the dates he sent out his mailings defendant Kolb was working on his unit as the 3rd shift Sergeant.

In the plaintiff's brief in response to the defendant's motion for summary judgment, the plaintiff asserts that his mail was tampered with on November 21, 2005, and not on the dates that defendant Kolb states that she was not working. "Based on the evidence presented in the Complaint of Johnson's and on defendant Kolb's own hand written incident report this court should be convinced that genuine issues of fact exist with respect that defendant Kolb did tamper with the mail of plaintiff Johnson." (Pl.'s 2d Summ. J. Br. at 5.) The plaintiff concludes that he "has provided credible evidence that Kolb was working on the dates in question, and he has certainly provided evidence that she did obstruct his mail on the dates in retaliation for his letter to DOC Secretary Frank, and inmate complaint. Therefore,

there is a genuine issue of material fact and Johnson is entitled to judgment as a matter of law." (*Id.* at 10.)

A prison official who takes action in retaliation for a prisoner's exercise of a constitutional right may be liable to the prisoner for damages. *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996). Otherwise lawful action "taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Although it is easy to state a retaliation claim, *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) (petitioner need not allege a chronology of events from which retaliation could be plausibly inferred), the burden of proving the claim is heavy, *Babcock*, 102 F.3d at 275.

To prevail on a retaliation claim, a prisoner must prove that his constitutionally protected conduct was a substantial or motivating factor in a defendant's actions. *Hasan v. U.S. Dep't of Labor*, 400 F.3d 1001, 1005-06 (7th Cir. 2005); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Spiegla v. Hull*, 371 F.3d 928, 941-42 (7th Cir. 2004). "A motivating factor is a factor that weighs in the defendant's decision to take the action complained of – in other words, it is a consideration present to his mind that favors, that pushes him toward, the action." *Hasan*, 400 F.3d at 1006. "Once the plaintiff proves that an improper purpose was a motivating factor, the burden shifts to the defendant ...to prove by a preponderance of the evidence that the same actions would have occurred in the absence of the protected conduct." *Spiegla*, 371 F.3d at 943.

In this case, it is undisputed that on either October 26 or 27, 2005, defendant Kolb did not give the plaintiff toilet paper because she could find any but instead offered the plaintiff napkins. In a letter dated October 27, 2005, the plaintiff wrote to DOC Secretary Frank regarding the defendant's alleged refusal to provide him with toilet paper. Although the issue was investigated, no further action was taken. On November 26, 2005, the plaintiff signed Offender Complaint KMCI-2005-36466 in which he complains that his mail was tampered with on November 11, 12, 13, 14, 15, 17, and 25, 2005. Defendant Kolb was assigned to work on Unit 5 at KMCI on those dates, however, she did not work on those dates.

The plaintiff cites to Incident Report 942197 in support of his assertion that defendant Kolb retaliated against him by tampering with his mail. In addition, he now states that she tampered with his mail on November 21, 2005, and not on the dates that it has been established she was not at work. However, in no way does Incident Report 942197 support even an inference that defendant Kolb tampered with the plaintiff's mail in retaliation for the letter the plaintiff wrote to Secretary Frank.

In this case, the plaintiff has presented no evidence that defendant Kolb retaliated against him. In short, the plaintiff has not carried his burden with regard to any retaliation claim. Conclusory averments that he was retaliated against do not withstand summary judgment. "It is well-settled that conclusory allegations...without support in the record, do not create a triable issue of fact." *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 354 (7th Cir. 2002) (citing *Patterson v. Chi. Ass'n for Retarded Citizens*, 150 F.3d 719, 724 (7th Cir. 1998)). Therefore, defendant Kolb's motion for

summary judgment will be granted and the plaintiff's motion for summary judgment will be denied.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for summary judgment (Docket #53) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment (Docket #58) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment dismissing the plaintiff's claims and this action.

Dated at Milwaukee, Wisconsin, this 22nd day of January, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge